AUBURN F. PEARL *vs.* WEST END STREET RAILWAY COMPANY.

Middlesex.   March 15, 1900. — May 18, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Liability of Corporation for alleged Results of Doctor's Examination.*

At the trial of an action seeking to charge the defendant corporation with the alleged results of a doctor's examination of the plaintiff, it appeared that the plaintiff had met with an accident and had sued the defendant, whereupon the defendant forthwith sent a doctor to examine him; that the plaintiff's trouble was in his left leg, and the doctor, after directing him to stand upon his right leg, told him to stand upon his left leg; that the plaintiff said that he could not, and his own doctor also said that he could not bear his weight upon that leg ; that the examining doctor then told the plaintiff to " try standing on his left leg," and that the plaintiff tried it, fell, and attributed subsequent hysterical trouble to this cause. *Held,* that the doctor was not an agent or servant of the defendant, but an independent contractor; that the argument drawn from the liability of a litigant for his attorney could not avail, and that a verdict was rightly directed for the defendant.

TORT, for personal injuries occasioned to the plaintiff by reason of the alleged negligence of Dr. Rufus P. Hubbard, who, as the plaintiff contended, was employed by the defendant to make a physical examination of the plaintiff for the benefit and information of the defendant. , Trial in the Superior Court, before *Bell,* J., who, at the close of the evidence for the plaintiff, directed the jury to return a verdict for the defendant, and, at the request of the plaintiff, reported the case for the determination of this court. If the ruling was wrong, a new trial was to be granted ; otherwise judgment was to be entered on the verdict. The facts appear in the opinion.

*C. Reno,* for the plaintiff.

*W. B. Farr,* (*M. F. Dickinson, Jr.* with him,) for the defendant.

HOLMES, C. J. This is an action seeking to charge the defendant with the alleged results of a doctor's examination of the plaintiff. The plaintiff had had an accident and had sued the defendant, whereupon the defendant forthwith sent a doctor to examine him. The plaintiff's trouble was in his left leg, and the doctor, after directing him to stand upon his right leg, told him to stand upon his left leg. The plaintiff said that he could not, and his own doctor also said that he could not bear his weight upon that leg. The examining doctor then told the plaintiff to " try standing on his left leg." The plaintiff tried it, fell, and attributes subsequent hysterical trouble to this cause. At the trial the judge directed a verdict for the defendant and the case is here on exceptions.

It would be a strong thing to say that the evidence warranted finding any one responsible for the accident except the plaintiff himself. The doctor's request that he should try standing on his left leg was not medical advice or direction upon a matter as to which the plaintiff had put himself into the doctor's hands. On the contrary, it came from one who avowedly was in an adverse interest and who had no authority of any kind. Furthermore, it recognized in its very words that perhaps the plaintiff was right in thinking that he could not stand in that way. It only called on him for an experiment in a region of admitted doubt. How far the experiment should go necessarily was left to the plaintiff himself when he should make it. If he carried it too far the doctor was not to blame. See *Latter* v.

*Braddell,* 50 L. J. C. P. 166, a much stronger case than the present.

But, further, the doctor was not an agent or servant of the defendant in making his examination; he was an independent contractor. There is no more distinct calling than that of the doctor, and none in which the employee is more distinctly free from the control or direction of his employer. See *Linton* v. *Smith,* 8 Gray, 147; *Milligan* v. *Wedge,* 12 Ad. & El. 737, 741, 742. In this case the doctor was informing himself according to the suggestions of his own judgment, in order to advise and perhaps to testify for the defendant. We must assume, in the absence of other evidence than his profession and his purpose, that what he should do and how he should do it was left wholly to him. See *Glavin* v. *Rhode Island Hospital,* 12 R. I. 411, 424; *Secord* v. *St. Paul, Minneapolis, & Manitoba Railway,* 18 Fed. Rep. 221, 225.

An argument is addressed to us drawn from the liability of a litigant for his attorney. *Shattuck* v. *Bill,* 142 Mass. 56. But no argument can be trusted that relies on that analogy. Perhaps the liability for an attorney rests on the fact that the very essence of his employment was to represent the person of a party to a suit. *Attornatus fere in omnibus personam domini representat.* Bract. fol. 342 a. It must be remembered that this right of representation in a lawsuit was conceived with difficulty and only gradually granted, and as first allowed seems to have been worked out through some sort of fictitious identification. Whether for that reason or another attorneys sometimes have been spoken of as servants, (*Anon.* 1 Mod. 209, 210,) and their acts within the scope of their employment always have been said to be the acts of their clients. *Parsons* v. *Loyd,* 3 Wils. 341, 345. *Barker* v. *Braham,* 2 W. Bl. 866, 868, 869; *S. C.* 3 Wils. 368, 374. *Bates* v. *Pilling,* 6 B. & C. 38, 41. *Newberry* v. *Lee,* 3 Hill, (N. Y.) 523. *McAvoy* v. *Wright,* 137 Mass. 207. In short, the liability of client for attorney is the result of a special series of events, and cannot be allowed to found a general rule.

We are of opinion that on one or the other of the foregoing grounds the direction was right.

In the view which we take, the exceptions to the exclusion of

evidence become unimportant. The questions excluded went to the general skill of the doctor's examination. This was immaterial, as the ground of the claim was a specific fact definitely stated.                                  *Judgment on the verdict.*