FRANCES C. ANDREWS, PRO AMI *vs*. HARRY E. DAVIS.

Cumberland.          Opinion January 27, 1930.

*S. Arthur Paul,*
*Laughlin & Gurney,* for plaintiff.
*Locke, Perkins & Williamson,*
*Jacob H. Berman,* for defendant.

SITTING: DEASY, C. J., DUNN, STURGIS, BARNES, PATTANGALL, JJ.

PATTANGALL, J.  Action on the case to recover damages alleged to have been incurred by reason of injury caused by negligence of defendant.  Hearing below was before presiding Justice, without the intervention of a jury, on agreed statement of fact and with the stipulation that liability only should be considered, case to be heard in damages later, provided that liability was found.  Judgment was for plaintiff and the case comes to this court on exceptions.

Plaintiff, a child six years old, was struck by an automobile operated by one Louis Bernstein, sustaining a fracture of the right leg near the pelvis.  After the accident, Bernstein carried the plaintiff in his car to her parents' home and engaged defendant, a surgeon, to attend her without consulting her parents in the matter.  Defendant came to plaintiff's home and accompanied her and her mother to the hospital.  He was a stranger to them.  On the way to the hospital, the mother expressly informed him that she would not permit him to treat plaintiff.  At the hospital another surgeon

operated on plaintiff, reduced the fracture successfully and shortly thereafter the bone properly knitted, forming a perfect union. On the day following the admission of plaintiff to the hospital, defendant was again told by both the mother and father of plaintiff that they did not desire him to treat plaintiff, whereupon he informed them that he was employed by Bernstein or by the insurance company with which Bernstein was insured to observe the case; and from time to time continued to go to the hospital while the surgeon in charge of the patient was attending to her needs, claiming the right to be present because of such employment, but taking no part in the treatment of the case.

In course of time, plaintiff returned to her home and shortly thereafter defendant visited her for the purpose of making an examination. While manipulating the injured leg, he negligently caused a new and independent fracture near the knee. It is for this injury that this suit is brought.

Plaintiff brought an action against Bernstein, which by agreement was defaulted, damages assessed and paid, and release given of all claims against him. Defendant claims that the judgment in that suit bars the present action. The declaration in the Bernstein case did not specifically eliminate nor specifically include the negligence complained of here.

Defendant's negligence is admitted. The injurious results which ensued are admitted. The sole issue is whether or not this action is barred by the judgment and release in the former suit.

Defendant states the issue in his brief: "Can plaintiff recover for alleged negligence of a surgeon who treated her and aggravated her damage originally caused by Bernstein against whom she recovered?"

The agreed facts modify the question somewhat. Defendant was not "treating" plaintiff. He had not been employed to treat her nor did he at any time undertake to do so. He was examining her in the interest of Bernstein and the insurer of Bernstein. He was not acting in her interest but to determine her injuries and to what extent she had recovered from them. He did not "aggravate her damage originally caused by Bernstein." He negligently caused an entirely new and independent injury for which it is admitted

plaintiff was entitled to recover damages, the only question being from whom they should be recovered.

It is familiar and well established law that when an injured party uses reasonable care in the selection of a surgeon to relieve an injury, the original tort-feasor is liable for any aggravation of such injury resulting from the unskilfulness or negligence of the surgeon so employed and that a settlement with and release of such tort-feasor is a settlement of all claims which might exist against the attending surgeon for his negligence. *Stover* v. *Bluehill*, 51 Me., 439; *Hooper* v. *Bacon*, 101 Me., 533; *Purchase* v. *Seelye*, 231 Mass., 434; Notes, 8 A. L. R., 507 and cases cited; *Pullman Parlor Car Co.* v. *Bluhm*, 109 Ill., 20, 50 Am. Rep., 601; *Lester* v. *Humphrey*, 41 Ohio St., 378, 52 Am. Rep., 86.

But where one procures a physician or surgeon to attend a person whom he has injured and uses due and reasonable care in the selection of such physician or surgeon, he is not liable for the negligence or unskilfulness of the latter which results in an aggravation of the original injury. *Secord* v. *St. Paul M. & M. R. Co.*, 18 Fed., 221; *Louisville & Nashville R. Co.* v. *Foard* (Ky.), 47 S. W., 342; *Quinn* v. *Kansas City M. & B. R. Co.* (Tenn.), 30 S. W., 1036; *Eighmy* v. *Union P. R. Co.* (Ia.), 61 N. W., 1056; *Atlantic Coast Line R. Co.* v. *Whitney* (Fla.), 56 So., 937; *Pittsburg R. R. Co.* v. *Sullivan* (Ind.), 40 N. E., 138.

Defendant contends against the application, in this jurisdiction, of the rule laid down in these cases, on the ground that it is contrary to the logic of *Stover* v. *Bluehill*, supra, and *Hooper* v. *Bacon*, supra, and to the doctrine of such cases as *Cleveland* v. *Bangor*, 87 Me., 259, and *Water Company* v. *Towage Co.*, 99 Me., 473, in which the familiar general rules are laid down that but one compensation can be recovered for a single injury and that recovery of damages from one tort-feasor bars a suit against a joint tort-feasor.

Our court has never passed on the precise question of whether or not one by whose negligence an injury was sustained would be liable for the negligence of a surgeon employed by him to treat the case, provided that due care was exercised in the selection of the surgeon. While that question arises here, there are peculiar factors which differentiate this case somewhat from those cited above.

A very important element to be considered is that this defendant was not employed by anyone to treat the injured plaintiff. He was employed by Bernstein or his insurer to observe the progress of the case and to examine plaintiff, obviously for the purpose of advising as to the nature and extent of her injuries and to prepare himself to testify if litigation ensued. The relation of surgeon and patient never existed between defendant and plaintiff. Bernstein offered defendant's professional services to plaintiff but the offer was rejected.

With this situation in mind, defendant claims freedom from liability on the ground he was the servant or agent of Bernstein and that judgment against his principal, followed by payment and accompanied by a release in full of all claims against the principal, bars recovery here.

In *Pearl* v. *West End St. Railway*, 176 Mass., 177, the question arose as to whether or not damages for an injury caused by the act of an examining surgeon could be recovered from his employer on the ground that the relation of principal and agent existed between them. Chief Justice Holmes, speaking for the court said, "The doctor was not an agent or servant of the defendant in making his examination; he was an independent contractor. There is no more distinct calling than that of the doctor, and none in which the employee is more distinctly free from the control or direction of his employer: See *Linton* v. *Smith*, 8 Gray, 147; *Milligan* v. *Wedge*, 12 Ad. & El. 737. In this case the doctor was informing himself according to the suggestions of his own judgment, in order to advise and perhaps to testify for the defendant. We must assume, in the absence of other evidence than his profession and his purpose, that what he should do and how he should do it was left wholly to him."

The principal invoked finds support in a long line of decisions dealing not only with cases in which the physician or surgeon was employed to make an examination but also in which he was employed by those responsible for the injury to treat the injured person. *Neal* v. *Flynn Lumber Co.* (W. Va.), 77 S. E., 325; *Sawdey* v. *R. R. Co.* (Wash.), 70 Pac., 972; *Poling* v. *Railroad Co.* (Tex.), 75 S. W., 69; *Galvin* v. *Hospital*, 12 R. I., 411; *Arkansas Midland R. R. Co.* v. *Pearson* (Ark.), 135 S. W., 917;

*Virginia Iron, Coal and Coke Co. et al* v. *Odle's Adm'r* (Va.), 105 S. E., 107; *Dyche* v. *Vicksburg S. & P. R. R. Co.* (Miss.), 30 So., 711; *Heggarty* v. *St. Louis K. & N. W. R. Co.* (Mo.), 74 S. W., 456; *Foote* v. *Shaw Stewart*, 49 Scot. L. R., 39; *Union P. R. Co.* v. *Artist*, 60 Fed., 365; *O'Brien* v. *Cunard S. S. Co.*, 154 Mass., 272; *Allan* v. *State S. S. Co.*, 132 N. Y., 91.

The natural consequence of such an injury as plaintiff sustained is the employment of a surgeon. Plaintiff is obligated to arrange for such employment in order to mitigate damages as far as it is practicable to do so but the obligation is fulfilled when a competent surgeon is employed. The injured person does not insure against the negligence of the surgeon and damages caused by such negligence may be recovered from the person responsible for the original injury.

If he who is so responsible, without being contractually liable so to do, furnishes gratuitous aid to the injured, he also must use due care in the selection of a surgeon but he is not an insurer against such surgeon's negligence nor is the relation of master and servant created by the employment unless the employer undertakes to direct the employed as to what he shall do and how he shall do it. In the absence of the assumption of such directory power on the part of the employer, the relation of the surgeon to the injured person is that of an independent contractor liable for his own torts.

Most emphatically is this the case when the arrangement does not include treatment but is limited to examination, and the rule finds especially appropriate application when the negligence of the surgeon results, not in an aggravation of the original injury, but in causing an entirely independent injury related in no way to the first by any rational line of causation.

Such is the position of defendant in this case. He must answer for the result of his own negligence. Bernstein was not liable therefor and the judgment against Bernstein for the just claim which plaintiff had against him does not bar her equally just claim against this defendant.

*Exceptions overruled.*
*Damages to be assessed*
*as stipulated.*