JOSEPHINE GAUVIN'S CASE.

Androscoggin.    Opinion, August 16, 1933.

*Berman and Berman,* for petitioner.
*William B. Mahoney,*
*Theodore Gonya,*
*Eben F. Littlefield,* for respondents.

SITTING: PATTANGALL, C.J., DUNN, STURGIS, BARNES, THAXTER, JJ.

THAXTER, J.    This is a petition under the Workman's Compensation Act by the widow of Joseph Gauvin who seeks compensation

for the death of her husband as the result of an industrial accident. The Commissioner who heard the case awarded compensation at the rate of $10.67 for the statutory period of three hundred weeks. From the decree affirming such award the employer and insurance carrier have appealed.

The deceased on February 27, 1932, sustained a right inguinal hernia from an accident arising out of and in the course of his employment. He was referred by his employer to Dr. Gauvreau, the mill doctor, who on March 15th operated on him to reduce the hernia. This operation was performed under a local anaesthetic so that the plaintiff was conscious while it was going on. When the incision was made the appendix appeared through it. The doctor suggested to the patient that it was wise under the circumstances to remove the appendix; and, though the evidence is not altogether clear, the patient was apparently given to understand that such procedure was a usual incident of the hernia operation. Gauvin gave the doctor authority to remove the appendix, and this was done without any charge being made. On March 26th as a result of the operation Gauvin died of acute nephritis and peritonitis.

The commissioner in his findings says: "It is impossible to say whether death would have resulted had the appendix not been removed."

Counsel for the employer claim that this case is governed by *Dulac's Case*, 120 Me., 324. In that case the deceased employee received an epigastric hernia from an industrial accident. He had suffered for some time from an inguinal hernia, and decided to have both of these corrected at the same time. With the surgeon, who was to operate to correct the condition caused by the accident, he made an independent contract for a new consideration for an operation for the inguinal hernia. As a result of the surgery death ensued. It was, however, impossible to determine whether one or the other operation or the combination of both caused the death. Under these circumstances this Court held that it was a matter of conjecture whether the accident was the cause of death, and compensation was denied. These facts are different from those now before us. In that case the Court took pains to point out that there

were two distinct operations and that two separate incisions were necessary. In this case the removal of the appendix was an incident of the hernia operation.

The deceased, as he was being operated on, was informed by a doctor provided by the employer that the removal of the appendix was a proper and usual procedure under the circumstances. Whether to do so was good practice or not, the assured had the right to rely on the judgment of the physician in this respect, and even though the removal of the appendix may have been unwarranted and a contributing cause of the death, the employer is nevertheless liable. The accident, in spite of the error of the surgeon, would still be the proximate cause of the death. *Burn's Case*, 218 Mass., 8; *Roman* v. *Smith*, 42 Fed. (2d) 931; *Sarber* v. *Aetna Life Ins. Co.*, 23 Fed. (2d) 434; *Wells* v. *Gould*, 131 Me., 192.

The identical question now before us has been decided adversely to the employer in Massachusetts. *Atamian's Case*, 265 Mass., 12. With the reasoning of the Court in that case we concur.

*Appeal dismissed.*
*Counsel fees and costs to be*
*allowed appellee to be fixed by*
*the Court below.*