JAMES G. MITCHELL
*vs.*
C. CAPEN PEASLEE, JR.

Cumberland.    Opinion, December 13, 1948.

*George H. Hinckley,* for plaintiff.

*Locke, Campbell, Reid and Hebert,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, JJ. MURRAY, A. R. J.

STURGIS, C. J. This action to recover damages for alleged malpractice by the defendant, a practicing physician, is reported on an agreed statement of facts.

The declaration is that the plaintiff, as a result of an accident while employed by a local lumber concern, broke the radius of his left arm at the wrist, the defendant was called in as attending physician and through his negligence in only applying splints and no cast the broken bone did not knit properly or remain in normal position, the displacement was not corrected when the splints were removed and permanent partial loss of the use of the arm has resulted. The plea is the general issue with brief statement and as a special matter of defense that following the treatment of his physician the plaintiff prosecuted against his employer and its insurance carrier a petition for compensation under the Workmen's Compensation Law, obtained an award of specific compensation and finally secured a lump sum settlement, both of which were paid. And it is stipulated that if the plaintiff's action is barred by the compensation recovery judgment shall be entered for the defendant, otherwise the case stand for trial.

It is well settled at common law that in an action for negligence causing bodily injury the negligence or lack of skill of a physician or surgeon, selected with reasonable care, which aggravates or increases the injury is regarded as a consequence reasonably to be anticipated and a part of the injury for which the original wrongdoer is liable. *Wells* v. *Gould & Howard,* 131 Me. 192; 160 A. 30; *Andrews* v. *Davis,* 128 Me. 464; 148 A. 684; *Hooper* v. *Bacon,* 101 Me. 533; 64 A. 950; *Sacchetti* v. *Springer,* 303 Mass. 480; 22 N. E. (2nd) 42; *Purchase* v. *Seelye,* 231 Mass. 434; 121

N. E. 413, 8 A. L. R. 503. This principle is applied in workmen's compensation cases where an injury to an employee is aggravated by the negligent or unskillful treatment of a properly chosen physician or surgeon and if the chain of causation remains unbroken the resulting disability or death is compensable and an award of compensation includes the original injury and its ultimate results through malpractice. *Gauvin's Case,* 132 Me. 145; 167 A. 860; *Vatalaro* v. *Thomas,* 262 Mass. 383; 160 N. E. 269; *Parchefsky* v. *Kroll Bros., Inc.,* 267 N. Y. 410; 196 N. E. 308; 98 A. L. R. 1387. A lump sum settlement of such an employee's claim for compensation, made and accepted in accordance with the provisions of the Workmen's Compensation Act, is within this rule. Payment of the lump sum, approved by the Industrial Accident Commission, is in full settlement of all compensation to which the employee is or may be entitled under the Act. R. S. Chap. 26, Sec. 28; *Melcher's Case,* 125 Me. 426; 134 A. 542.

The provisions of the Workmen's Compensation Act of Maine, relating to the rights of recovery of an employee sustaining a compensable injury in respect to which a person other than the employer is liable to respond in damages, are as set forth in Sec. 25, Chap. 26, R. S. 1944, which in its part here material reads:

> "When any injury for which compensation or medical benefits is payable under the provisions of this act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages. Any employer having paid such compensation or benefits or having become liable therefor under any decree or approved agreement shall be subrogated to the rights of the injured employee to recover against that person; provided if the employer shall recover from such other person damages in excess of the compensa-

tion and benefits so paid or for which he has thus become liable, then any such excess shall be paid to the injured employee less the employer's expenses and costs of action or collection * * *.

The failure of the employer or compensation insurer in interest to pursue his remedy against the third party within 30 days after written demand by a compensation beneficiary, shall entitle such beneficiary or his representatives to enforce liability in his own name, the accounting for the proceeds to be made on the basis above provided."

Under this statute an employee injured under circumstances creating in some person other than his employer a legal liability to pay damages in respect thereto does not by claiming and accepting compensation from his employer lose his right to bring a common law action against such other person, but his right to enforce liability in his own name is suspended until the employer, vested by subrogation with the injured beneficiary's right of action, fails to pursue its remedy for thirty days after written demand or waives that right. Failure to bring suit within the thirty-day period after demand or waiver of its right of action by the employer reinvests the employee with his original right of common law action and thereafter he alone can pursue it. The statute enables an injured employee suffering damage through the tort of a third person not only to receive the compensation allowed by law from his employer but also to obtain from the tort-feasor such additional damages as he would be entitled to had he elected to first bring suit at common law. This, in view of the required accountings by the employer and employee, is not an allowance of double indemnity. And immunity of the tort-feasor for his wrongdoing is prevented. *Foster* v. *Hotel Co.,* 128 Me. 50; 145 A. 400; 67 A. L. R. 239. See *Fournier-Hutchins* v. *Tea Co.,* 128 Me. 393; 148 A. 147.

It is agreed that following the completion of the defendant physician's treatment the plaintiff employee procured specific compensation and then a lump sum settlement as set

forth in the pleading and it must be assumed that compensation for the results of the physician's alleged malpractice as well as for the results of the original injury was included in the award and settlement. If this is not true it is not so stated in the report and failure of the Industrial Accident Commission to award and approve the compensation to which the employee was entitled cannot be inferred. It is also stipulated that the employee has made no written demand upon his employer or the compensation insurer to bring suit against the physician to recover damages for his alleged malpractice. On these facts, if the plaintiff's right to recover against the defendant is governed by the provisions of Sec. 25 of the Compensation Act it is now vested in and can only be enforced by his employer or the insurer. But contention is that the statute does not apply and this action by the employee in his own name can be maintained. The question raised is of novel impression in this jurisdiction.

It is argued orally and on the brief that if there was malpractice by the attending physician in the case at bar it was an independent, intervening cause of the employee's ultimate disability which arose after the original injury was received and not being that injury nor included in it, the employee's right of action against the physician is separate and distinct from his right to receive compensation from his employer and is in no way controlled by the statute. *Smith* v. *Golden State Hospital,* 111 Cal. App. 667; 296 P. 127; *Viita* v. *Fleming,* 132 Minn. 128; 155 N. W. 1077; L. R. A. 1916D, 644; Ann. Cas. 1917E, 678. This contention, however, disregards the rule stated, that aggravation through malpractice of an employee's injury is to be taken as a part of the original injury and included in the compensation to which the employee is entitled and insofar as research discloses, it has not been sustained in any jurisdiction where under comparable provisions of Workmen's Compensation Acts that rule prevails.

In *Parchefsky* v. *Kroll Bros., Inc., supra,* it is said:

"The difficulty in this case arises from the fact that compensation under our statutes is awarded for the ultimate results of an injury which follow upon the intervening malpractice. Under the English Workmen's Compensation Act no compensation is awarded for such results. There the improper medical treatment is regarded as an intervening independent act which breaks the chain of causation. (Cases cited). The same rule has been followed in some jurisdictions in this country. (Cf. *Ruth* v. *Witherspoon-Englar Co.*, 98 Kan. 179; 157 P. 403; L. R. A. 1916E 1201; *Smith* v. *Golden State Hospital*, 111 Cal. App. 667; 296 P. 127; *Viita* v. *Fleming*, 132 Minn. 128; 155 N. W. 1077; L. R. A. 1916D 644; Ann. Cas. 1917E 678.) * * *.

We have preferred to apply to awards under Workmen's Compensation Law the same rule applied to damages in common law actions. Compensation for the original injury includes the ultimate results of the injury, though the injury has been aggravated by intervening malpractice. Other jurisdictions have applied the same rule. (Cases cited).

* * *. After malpractice has aggravated the original injury, the subsequent disablement is due to concurrent causes inextricably intertwined. More than that, these results would not have followed from the original injury but for the independent negligence of the physician. To the extent that the injury for which compensation may be made under the Workmen's Compensation Law includes the result of malpractice, the 'injury' is due to the negligence of the physician within the spirit and letter of the statute."

This decision is governed by Workmen's Compensation Law, Sec. 29 of New York which differs from Sec. 25 of the Maine statute in that if an employee injured by a third person elects to take compensation the award operates as an absolute assignment of the employee's cause of action against the tort-feasor to the employer or other person liable for payment of the compensation and no right of action is reserved to the employee.

In *Vatalaro* v. *Thomas, supra,* in a consideration of Massachusetts Workmen's Compensation Act, G. L. Chap. 125, Sec. 15, a substantially similar statute, the contention of an employee that his cause of action against a physician for malpractice which aggravated his accidental injury was different and independent from that for which he received compensation through his employer by way of a lump sum settlement was disallowed and it was held that the injury for which the employee received compensation included that which was the basis of his action for malpractice and action against the physician was governed by the statute.

In *Jordan* v. *Orcutt,* 279 Mass. 413; 181 N. E. 661, 662, the rule of *Vatalaro* v. *Thomas* is affirmed and of G. L. Chap. 125, Sec. 15, it is said:

> "The words of Sec. 15 'where the injury for which compensation is payable was caused under circumstances creating a legal liability * * * to pay damages in respect thereof' are not confined to the original event of injury but include all injury arising from circumstances of aggravation for which compensation may be had in the proceedings under the act."

And it is held that the right to maintain an action against a physician for alleged malpractice in treating an employee's injury is governed by Sec. 15 of the Compensation Act and is vested solely in and can be maintained by the employer.

In *Overbeek* v. *Nex,* 261 Mich. 156; 246 N. W. 196, under 2 Comp. Laws 1929, Sec. 8454, providing that where an injured employee elects to accept compensation the employer or his insurer is subrogated to the right of the employee to recover against a third person legally liable to pay damages for the injury, the contention that the employee, whose injury has been aggravated by the malpractice of his physician and has received compensation to the extent the law permits retains an independent right of action for the malpractice is rejected and the employee's right of action

against the physician held to be subject to applicable statutory provisions as to the liability of a third party wrongdoer. To like effect are *Polucka* v. *Landes,* 60 N. D. 159; 233 N. W. 264; *Williams* v. *Dale,* 139 Ore. 105; 8 P. (2nd) 578; 82 A. L. R. 922; *Revell* v. *McCaughan,* 162 Tenn. 532; 39 S. W. (2nd) 269; *Baker* v. *Wycoff,* 95 Utah 199; 79 P. (2nd) 77; *Anderson* v. *Allison* 12 (Wash.) (2nd) 487; 122 P. (2nd) 484; 139 A. L. R. 1003.

While the underlying statutes and issues in the cases just reviewed are somewhat different in form and substance they cannot in principle be distinguished from those in the case at bar. We are convinced that the weight of authority lies in these decisions and supports the conclusion, which reason dictates, that the right of action of an employee against his physician for malpractice which aggravates an injury for which he has claimed and accepted compensation is within the purview of and governed by the provisions of Sec. 25 of the Compensation Act relating to actions against persons other than the employer liable for the employee's injury.

On this report under the statute the plaintiff employee's right to recover against the defendant physician for malpractice is vested in his employer and for want of written demand this action by the employee in his own name cannot be maintained. This, however, does not entitle the defendant to judgment on the merits but, with pleadings waived as they are on the report, only to a nonsuit. The case is remanded to the trial court for entry of that judgment.

> *Case remanded*
> *for entry of*
> *Plaintiff nonsuit.*