RHODNAH L. HASWELL

*vs.*

CHARLES L. WALKER,

Administrator of the Estate of Ernest N. Evans.

Waldo.    Opinion November 9, 1918.

*R. S., Chap. 87, Sec. 127 interpreted.    Actions against executors and administrators.*

The affidavit provided for in R. S., Chap. 87, Sec. 127, is not admissible in evidence in a case where the defendant is administrator or executor.

Nonsuit is properly ordered when on unquestioned facts the action cannot be sustained.

Action of assumpsit to recover on an account annexed certain sums of money claimed as due from defendant's decedent. Defendant filed plea of general issue. At close of the evidence a nonsuit was granted; to which ruling plaintiff filed exceptions and also filed exceptions to certain other rulings of presiding Justice. Exceptions overruled.

Case stated in opinion.

*H. C. Buzzell*, for plaintiff.

*Arthur Ritchie, and Robert F. Dunton*, for defendant.

Sitting: Spear, Philbrook, Dunn, Morrill, JJ.

Philbrook, J.   Two exceptions are presented for examination; first, the exclusion of an affidavit, made and offered by the plaintiff under the provisions of R. S., Chap. 87, Sec. 127; second, an order of nonsuit at the close of plaintiff's evidence.

The section of the Statute just referred to provides in part that "In all actions brought on an itemized account annexed to the writ, the affidavit of the plaintiff, made before a notary public using a seal, that the account on which the action is brought is a true statement of the indebtedness existing between the parties to the suit, with all proper credits given, and the prices or items charged therein are just and reasonable, shall be prima facie evidence of the truth of the statement made in such affidavit; and shall entitle the plaintiff to the judgment, unless rebutted by competent and sufficient evidence."   The remaining words of the statute relate to the method of executing the affidavit in cases where the plaintiff is a corporation and are not involved in this case.

The defendant urges several reasons why this affidavit was properly excluded, but it will be necessary to consider only one of those reasons. It is familiar law, too well established to need the citation of authorities, that at common law a party to an action was not a competent witness at the trial thereof.   But this common law rule of incompetency, arising from interest, has been abrogated by statute in England, Canada, and in every one of the United States.   This abrogation was adopted in Maine more than three score years ago by Chap. 266, Public Laws 1856.   But the statutory rule that parties are competent witnesses is subject to an exception which is almost as general as the rule itself, namely, that the common law rule of incompetency of parties appearing as witnesses still obtains in actions by or against executors and administrators.   The abrogatory rule in our State, in the terms of its primal enactment, declared that the provisions of the act should not be applied to any case where, at the time of taking testimony, or the time of trial, the party prosecuting or the party defending, or any of them, shall be an executor or an administrator, or made a party as an heir of a deceased party.   This rule, through all the intervening years, has retained its original language excepting in certain instances which do not affect the case at bar. Since the affidavit in question was made by the plaintiff, it is claimed

by the defendant that it should be excluded because the plaintiff is not a competent witness, the action being one in which the party defending is an administrator. On the other hand the plaintiff points out what he regards as most general language, in R. S., Chap. 87, Sec. 127, which declares that "In all actions brought on an itemized account annexed to a writ" the affidavit of the plaintiff may be used. In effect the plaintiff claims that R. S., Chap. 87, Sec. 127, enacted by the legislature as Chap. 137, Pulbic Laws, 1913, repealed a most wholesome, salutary statute, which has repeatedly proved its beneficence during more than half a century, without the scant courtesy of specifically referring to the statute thus repealed. We cannot adopt this view. In the interpretation of statutes the whole body of previous and contemporaneous legislation should be considered, for the legislative department is supposed to have a consistent design and policy, and to intend nothing inconsistent or incongruous. *Cummings* v. *Everett*, 82 Maine, 260. We do not hesitate, therefore, in declaring that when the legislature enacted the provisions for plaintiff's affidavit, in 1913, the plain intention of the law making body was to limit the use of such affidavit to cases in which the plaintiff would be a competent witness under statutory provisions so long existing. There was no error in excluding the affidavit in this case.

The order of nonsuit requires our examination of the record. The account annexed contains five items. The first charges for money paid Charlotte Stevens for and at the request of defendant's decedent, but does not disclose what the money was paid for. The other four charge for money paid the Lowell Fertilizer Company for fertilizer, in behalf of and at the request of the defendant's decedent. The only evidence offered by the plaintiff, except the excluded affidavit, is the testimony of an agent of the fertilizer company who took written orders for the fertilizer signed by the plaintiff, not by the defendant's decedent. That witness gave no evidence regarding the first item in the account but testified that he approached the plaintiff with a view of selling him some fertilizer. We quote practically his entire testimony.

"I asked Mr. Haswell if he wanted to buy some fertilizer.

Q. (MR. DUNTON). Was Mr. Evans there?

A. Mr. Evans was right there in the field; and he said, 'I haven't any use for any fertilizer; you will have to talk with'—I guess he called him Cap'en Flint—I don't remember the name—'about it,

because he is running things here.' So I went over and talked with the young man and he gave me an order for the fertilizer. I put it down on that original contract, taking a carbon copy and leaving it with him, and then went over, and knowing that the boy—or they told me in the conversation that the boy had no real estate, and our company will not take an account unless there is some backing. I asked Mr. Haswell about it and he said he would sign the contract for the boy and go good for the fertilizer. So we shipped the fertilizer to them, or they got it at Jackson & Hall's; I don't remember where they got it; I didn't deliver it myself, but he got the fertilizer and paid for it."

Giving this evidence its most liberal effect it falls short of proving that the defendant's decedent requested the plaintiff to pay the money, and that it was paid in accordance with such request. The nonsuit was properly ordered.

*Exceptions overruled.*