**CASCO NORTHERN BANK, N.A.**

v.

**Thomas W. EDWARDS et al.**

Supreme Judicial Court of Maine.

Argued March 2, 1994.
Decided April 22, 1994.

Paul A. Weeks (orally), Norton & Weeks, Bangor, for plaintiff.

J. Hilary Billings (orally), Bangor, for defendants.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS,* RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Thomas W. Edwards and Cynthia L.H. Edwards appeal from a summary judgment entered in the Superior Court (Penobscot County, *Mead, J.*) ordering the foreclosure of a mortgage on their property securing commercial loans to them by Casco Northern Bank, N.A. We vacate the judgment.

As evidenced by promissory notes, Casco made two commercial loans to the Edwardses in the amounts of $75,000 and $9,000, respectively. The notes are secured by an open-end mortgage on real property located in Dexter. In October 1990, the Edwardses defaulted on both notes by failing to make the required monthly payment. Casco de-

clared a default, accelerated the unpaid balance, and demanded payment in full pursuant to the terms of the promissory notes.

In May 1991, Casco executed and recorded in the Registry of Deeds a limited power of attorney in favor of BancBoston Mortgage Corporation (BBMC) that authorized BBMC to act on Casco's behalf with respect to *"home mortgages* serviced for [Casco] by [BBMC]...." Casco never transferred its interest in the subject mortgage to BBMC, the mortgage was never serviced by BBMC, nor did Casco authorize BBMC to act as its agent with respect to the mortgage. In August 1991, the Town of Dexter filed a tax lien certificate on the Edwardses' property. In February 1992, BBMC responded by a form letter to the Town of Dexter's tax demand certificate, stating that the Town should forward the certificate to the property owner for payment because BBMC was "unable to identify the property as a [BBMC] loan or the loan has been paid in full." In March 1992, then counsel for the Edwardses sent a letter to Kelly Wilson, a senior payoff processor with BBMC, requesting that BBMC prepare a discharge of the subject mortgage because "[BBMC's records] indicate this loan to be paid in full."[1] Wilson reviewed the computer records maintained by BBMC, confirmed that BBMC had no record of any loan to the Edwardses, prepared a satisfaction of mortgage, and sent it to the Edwardses.

In June 1992, Casco filed a complaint for foreclosure in the District Court pursuant to 14 M.R.S.A. § 6321 (Supp.1993). The Edwardses, *pro se,* filed a responsive pleading asserting the affirmative defenses of accord and satisfaction, estoppel, release and waiver. Following the Edwardses' removal of the case to the Superior Court, Casco moved for a summary judgment. The Edwardses contended that the discharge executed by BBMC and the record before the court, including the affidavit of Cynthia Edwards, created genuine issues of material fact precluding the entry of a summary judgment.

Cynthia Edwards's affidavit stated that Casco's acceptance of a partial payment after

---

* Collins, J., sat at oral argument and participated in the initial conference but retired before this opinion was adopted.

1. We note that the Edwardses are represented by other counsel on this appeal.

commencement of the present action constituted a waiver of Casco's right to foreclose. Annexed to the affidavit is a copy of a $205 check dated April 6, 1993 made payable to Casco and bearing a number on the memo line. That number and the amount of the check correspond with the account number and monthly installment due on one of the loans, as referenced in correspondence between the parties. No responsive affidavit was filed by Casco. Following a hearing on Casco's motion, the court held that the discharge had no legal significance because the record is devoid of any grant of authority by Casco to BBMC to act on Casco's behalf in this matter. The court further held that Cynthia Edwards was not competent to state that Casco accepted the alleged partial payment and granted Casco's motion for a summary judgment.

■ In reviewing the grant of a motion for a summary judgment, we examine the evidence in the light most favorable to the party against whom the judgment was entered to determine whether the trial court committed an error of law. *Guiggey v. Bombardier*, 615 A.2d 1169, 1171 (Me.1992). A summary judgment is proper "if the record discloses that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law." *Bahre v. Pearl*, 595 A.2d 1027, 1032 (Me.1991).

■ We find no merit in the Edwardses' contention that the discharge executed by BBMC generates a genuine issue of material fact. The undisputed facts reveal that BBMC did not have actual authority to discharge the subject mortgage. Although Casco granted to BBMC a limited power of attorney, BBMC was authorized to act on Casco's behalf only with respect to home mortgages. It is undisputed that the subject mortgage was a commercial mortgage. The Edwardses' contention, raised for the first time by this appeal, that because they relied on the conduct of BBMC in preparing the discharge that BBMC had apparent authority to act on behalf of Casco, similarly fails. Apparent authority exists "only when the *conduct of the principal* leads a third person to believe that a given party is his agent." *Brown v. Manchester*, 384 A.2d 449, 453 n. 4

(Me.1978) (emphasis in original). The only conduct engaged in by Casco was the execution of the power of attorney to BBMC, clearly limited by its terms to home mortgages. The trial court properly concluded that the discharge executed by BBMC is of no legal effect.

■ We agree, however, with the Edwardses that the trial court erred in its determination that the record before it does not generate a genuine issue as to the material fact whether following the commencement of this proceeding Casco accepted partial payment from the Edwardses. Although the record contains no evidence that the Edwardses had personal knowledge of whether Casco accepted the payment, it does demonstrate Cynthia Edwards's personal knowledge that subsequent to the initiation of the foreclosure proceedings by Casco she wrote a check in the amount of $205, made the check payable to Casco, placed a number on the face of the check, and sent it to Casco and that this check, bearing marks of negotiation, was returned to her from her bank. Further, the record reflects that the amount of the check and the number placed on it appear to correspond with one of the loans at issue. The task of the trial court is not to decide the factual question whether Casco accepted the payment, but rather to determine whether the record before the court generates a genuine issue as to this material fact. *Levesque v. Chan*, 569 A.2d 600, 601 (Me.1990).

■ Casco contends that the issue whether it accepted the $205 payment is not a *material* issue of fact because acceptance of a partial payment is insufficient to constitute a waiver. We disagree.

> The acceptance, before the expiration of the right of redemption and after the commencement of foreclosure proceedings of any mortgage of real property, *of anything of value to be applied on or to the mortgage indebtedness* by the mortgagee shall constitute a waiver of such foreclosure....

14 M.R.S.A. § 6204 (1980) (emphasis added).

Nor do we agree with Casco's assertion that section 6204 was not intended to apply to foreclosure by a civil action. Nothing in

the language of section 6204 excludes foreclosure by a civil action from the term "foreclosure proceedings."[2] The portion of section 6204 that provides for waiver by acceptance of payment was enacted in 1923. P.L. 1923, ch. 73. We presume that when the Legislature first provided for foreclosure by a civil action in 1975 by P.L.1975, ch. 552, § 5, it was aware of the waiver provision in section 6204. *See Finks v. Maine State Highway Comm'n,* 328 A.2d 791, 797 (Me. 1974) (whole body of previous and contemporaneous legislation on particular topic should be considered in interpreting any statute). Had the Legislature intended to exclude foreclosure by a civil action from the types of "foreclosure proceedings" referred to in section 6204 it would have done so by an appropriate express statement. *See Haswell v. Walker,* 117 Me. 427, 429, 104 A. 810 (1918) (legislative department is supposed to have a consistent design and policy, and to intend nothing inconsistent or incongruous). *But see* Patterson, *The Waiver Problem in Maine Real Property Foreclosure Law: A Commercial Paper Perspective,* 38 Me. L.Rev. 49, 55–56 n. 24 (1986) (contending that section 6204 does not apply to foreclosure by civil action). Because there is a genuine issue of material fact as to whether following its institution of the present proceedings Casco "accepted anything of value to be applied on or to the mortgage indebtedness," the trial court erred in granting a summary judgment in favor of Casco.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

All concurring.

---

2. Section 6204 was amended after the date of the alleged partial payment and, as currently codified, expressly encompasses foreclosures commenced by a civil action. *See* 14 M.R.S.A. § 6204 (Supp.1993). Section 6204 also permits a mortgagee bank to avoid waiver of the foreclosure by returning any payment to the mortgagor within ten days of receipt. *Id.*