1999 ME 132

**STEELSTONE INDUSTRIES, INC.**

**v.**

**NORTH RIDGE LIMITED PARTNERSHIP.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 27, 1999.

Decided Aug. 18, 1999.

Richard D. Solman, Solman & Hunter, P.A., Caribou, for plaintiff.

Richard D. Abbondanza, Hopkinson & Abbondanza, P.A., Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] North Ridge Limited Partnership appeals from a judgment entered in the Superior Court (Aroostook County, *Mar-* *sano, J.*) in favor of Steelstone Industries, Inc., in Steelstone's breach of contract claim. North Ridge Limited argues that the court erred when it concluded that the president of Quality Glass, its general contractor, had apparent authority to bind North Ridge Limited to a contract for paving services. We disagree and affirm the judgment.

I.

[¶ 2] North Ridge Limited owns North Ridge Apartments, a government-assisted housing project in Caribou. North Ridge Limited hired Diana Cassidy as the regional property manager for apartment complexes in Presque Isle, Fort Fairfield, Fort Kent, and Caribou. Cassidy described her job as dealing with "all day to day operations to deal with apartments and filling apartments and taking care of them." Cassidy explained that "I would hire subcontractors to take care of day to day business, plumbing, heating and just general type of work that needed to be done." Lawrence Van Peursem, the president of Maine Development Associates, Inc.,[1] acknowledged that Cassidy had authority to have small repairs done and purchase certain supplies, however, he testified that Cassidy had no authority to contract for rehabilitation work or construction work.

[¶ 3] In late September or early October 1995, Cassidy telephoned Brian Longstaff, president of Steelstone, a supplier of concrete, gravel, and asphalt, and introduced herself as manager of Northern Heights Apartments.[2] Cassidy told Longstaff that she wanted to discuss a potential paving contract and requested to meet with him. At their first meeting in October 1995, Cassidy showed Longstaff the site, explained the type of paving required, and asked for a ballpark figure as to cost.

---

1. Maine Development Associates, Inc., (MDA) develops, rehabilitates, and manages government-assisted housing projects and manages North Ridge Apartments. MDA is also the general partner of North Ridge Limited and, for the purposes of this case, the parties stipulated that North Ridge Limited and MDA were legally indistinguishable.

2. The name of the apartments later changed to North Ridge Apartments.

Cassidy instructed Longstaff to mail the cost estimate to her attention at Northern Heights Apartments.

[¶ 4] In November 1995, North Ridge Limited hired Quality Glass, Inc., as the general contractor for the renovation of the North Ridge Apartments. Lee Richard, the president of Quality Glass, signed the contract, which provided for a fixed price of $723,000 and included all site work including the asphalt paving project.

[¶ 5] North Ridge Limited allowed Richard to establish a temporary office in an apartment at North Ridge Apartments. Because Richard needed administrative and secretarial support, Van Peursem authorized Cassidy to assist Richard when she was not performing her responsibilities for North Ridge Limited. Cassidy divided her time equally between Quality Glass and North Ridge Limited. North Ridge Limited continued to pay Cassidy directly and billed Quality Glass for the time Cassidy worked with Quality Glass.

[¶ 6] Longstaff mailed his first proposal to Cassidy in December 1995. The proposal states "[p]roposal submitted to Northern Heights Apartment Complex" and is addressed to the attention of Cassidy. In March 1996, Longstaff drafted a revised proposal. Again, the proposal was sent to Cassidy's attention at Northern Heights Apartments and states "[p]roposal submitted to Northern Heights Apartments."

[¶ 7] On March 27, 1996, Cassidy called Longstaff to arrange a meeting between Longstaff and Richard. Longstaff testified that Cassidy did not explain in what capacity Richard worked, and Cassidy did not mention Quality Glass during this phone conversation. About a week later, Longstaff met with Cassidy and they walked to Richard's temporary office. Cassidy introduced Longstaff to Richard as "Lee Richard, construction manager or project manager." Longstaff testified that "[t]here was no conversation whatsoever

about [a] subcontractor/contractor relationship at that point." With respect to Richard's position as general contractor or president of Quality Glass, Longstaff testified that "I saw no signs, no letterheads, no business cards. There was nothing to indicate ... any entity such as a general contractor, or another business involved for that matter." Cassidy admitted that she never told Longstaff or anyone else connected with Steelstone about Quality Glass's role as general contractor in the renovation project.

[¶ 8] On May 9, 1996, Longstaff met with Richard again. Longstaff submitted a third proposal. The proposal was made to North Ridge Apartments [3] and sent to Cassidy's attention at North Ridge Apartments.

[¶ 9] On May 13, 1996, Longstaff met with Cassidy and Richard in Cassidy's office, where Longstaff and Richard signed the contract for paving services. The contract called for Steelstone to pave the apartment parking lot and various walkways and entrances around the apartment buildings for $20,460. At the top of the page, the contract states "Proposal submitted to North Ridge Apartments" and notes "Attn: Diana [Cassidy]" just like the three previous proposals. The contract is signed only by Longstaff and Richard. Longstaff signed without reference to Steelstone, and Richard signed without reference to Quality Glass. The contract does not state that either North Ridge Limited or Quality Glass is a party. Cassidy did not sign the contract.

[¶ 10] Steelstone performed the contract in May and June 1996. Additional work was added without written change orders, and the final contract price was $24,603.63. In July 1996, Steelstone sent invoices to North Ridge Apartments to the attention of Cassidy. It was not until after August 30 that Longstaff learned that Richard was president of Quality Glass, and it was not until he spoke with Van Peursem,

---

**3.** The name had changed to North Ridge Apartments by May 1996.

sometime before October 15, that he learned that Quality Glass was the general contractor for the job. Steelstone failed to perfect its rights under the mechanic's lien laws, and Quality Glass and Richard later sought protection under the bankruptcy laws. The invoices were never paid.

[¶ 11] In July 1997, Steelstone filed suit against North Ridge Limited alleging counts for breach of contract, quantum meruit, and unjust enrichment. The court concluded that North Ridge Limited created apparent authority in Richard to act as its agent and bind North Ridge Limited to a contract for paving services and that North Ridge Limited breached that contract. North Ridge Limited appealed.

## II.

[¶ 12] Whether an agency relationship exists is generally a question of fact that we review for clear error. *See Williams v. Inverness Corp.,* 664 A.2d 1244, 1246–47 (Me.1995); *Clapperton v. United States Fidelity & Guar. Co.,* 148 Me. 257, 266, 92 A.2d 336, 341 (1952). Because North Ridge Limited failed to move for further findings of fact pursuant to M.R. Civ. P. 52, we assume that the trial court found for Steelstone on all factual issues necessarily involved in its decision and review the record to determine whether those assumed findings are supported by the evidence in the record. *See Estate of Saliba v. Dunning,* 682 A.2d 224, 226 (Me.1996); *A.F.A.B., Inc. v. Town of Old Orchard Beach,* 657 A.2d 323, 325 (Me.1995).

[¶ 13] Apparent authority is authority "which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing. Apparent authority exists only when the *conduct of the principal* leads a third party to believe that a given party is his agent." *Williams,* 664 A.2d at 1246 (quoting *Libby v. Concord Gen. Mut. Ins. Co.,* 452 A.2d 979, 982 (Me.1982)) (emphasis in original); *see* RESTATEMENT (SEC-

OND) OF AGENCY § 8 (1958). Apparent authority can arise if the principal knowingly or negligently holds someone out as possessing authority to act for him or her or it. *See Williams,* 664 A.2d at 1246–47; *Twin Island Dev. Corp. v. Winchester,* 512 A.2d 319, 324 (Me.1986). A principal, therefore, creates apparent authority "by written or spoken words or any other conduct of the principal which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him." RESTATEMENT (SECOND) OF AGENCY § 27 (1958).

[¶ 14] The record supports the court's conclusion that North Ridge Limited negligently held Richard out as its agent. The court could infer that North Ridge Limited authorized Cassidy to contact potential subcontractors, including Steelstone. Consequently, Cassidy, in her capacity as the regional property manager of North Ridge Limited, contacted Steelstone, explained the project, and received Steelstone's written proposal to North Ridge Apartments. North Ridge Limited then hired Quality Glass, allowed Richard to operate an office from an apartment on the premises, and arranged for Cassidy to work for Richard, without ever disclosing the separate existence of Quality Glass as a general contractor. Steelstone then continued to submit proposals to North Ridge Apartments to Cassidy's attention, and when these proposals were, in turn, forwarded to Richard, it created in Steelstone the reasonable belief that Richard was an agent of North Ridge Limited. North Ridge Limited's negligent conduct led Steelstone to reasonably believe that Richard was North Ridge Limited's agent. *See Williams,* 664 A.2d at 1246–47. Taking the evidence and the inferences that reasonably could be drawn from the evidence most favorably to the result reached by the court, there is sufficient evidence to support the court's conclusion that North Ridge Limited created apparent authority in Richard.

The entry is:

Judgment affirmed.

