STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-99-203
*NM-CUM - 3/1/2000*

CATERPILLAR FINANCIAL
SERVICES CORPORATION,

        Plaintiff

    vs.

PORTLAND AIR FREIGHT, INC.,
        Defendant

ORDER ON PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT
AND MOTION TO STRIKE
SUPPLEMENTAL AFFIDAVIT OF
JOHN AUSTIN

Before the court are the plaintiff's motion for summary judgment on counts I, II, and IV of the plaintiff's complaint and the plaintiff's motion to strike the supplemental affidavit of John Austin.

MOTION TO STRIKE

The defendant does not object to striking paragraphs 8, 10, and 11 from the supplemental affidavit of John Austin.

MOTION FOR SUMMARY JUDGMENT

There is no dispute on this record that the plaintiff and the defendant entered into the first and second rental agreements pursuant to which the defendant leased from the plaintiff two caterpillar lift trucks. The defendant failed to make the $260.00 payment due on January 8, 1999, as required by the first rental agreement. The defendant failed to make the $301.00 payment due in December, 1998, January, 1999, and February, 1999, as required by the second rental agreement in spite of the plaintiff's demand for these payments. The defendant failed to return the two trucks to the plaintiff, Caterpillar Financial Services Corporation, and the defendant

did not tender payment for the early buy-out option under the agreements. The defendant does not have possession of the trucks.

The fair market value of the truck leased pursuant to the first rental agreement is $8,000.00; the fair market value of the truck leased pursuant to the second rental agreement is $11,119.30. The plaintiff has incurred damages of not less than $26,302.30 as a result of the claimed breach by the defendant of the leases. The plaintiff has also incurred attorneys fees of $1,894.00 and costs of $569.17 as of October 30, 1999. The rental agreements provide that the defendant will pay all charges, costs, expenses, and reasonable attorney fees incurred by the plaintiff in enforcing the agreements.

In its statement of disputed facts, the defendant states that it returned the two trucks to Superior Service Associates, Inc., which the defendant understood to be an authorized dealer and agent for plaintiff and Caterpillar Lift Trucks.[1] The defendant leased the first truck through Jordan-Milton Southworth, which preceded Superior as the authorized dealer for Caterpillar, Inc. in Maine. The defendant leased the second truck through Superior. On November 12, 1997, Superior proposed a trade-in of the two caterpillar lift trucks and a new full service lease plan for two new

---

[1]The allegation in the defendant's statement of disputed facts differs from the statements in the affidavits. Compare Def.'s SDMF, ¶¶ 1, 2 with referenced paragraphs in the Affidavits of Austin, Meserve, and Rausch. Mr. Austin does not state that he understood that Superior was an "agent of Plaintiff for return of the forklift . . . ." See Def.'s SDMF, ¶¶ 1-2; Austin Affidavit (5/14/99), ¶¶ 4, 12; Austin Affidavit (12/1/99), ¶ 3.

It is not disputed that Superior was an authorized representative and agent for Caterpillar, Inc., plaintiff's parent company. See Def.'s SDMF, ¶ 21. Employees of Superior state that Superior was an authorized representative and agent for the plaintiff. See Def.'s SDMF, ¶ 3.

2

trucks. A written quote from Superior was dated March 24, 1998. The defendant and Superior entered into a contract for the trade of the two trucks and the lease of two new trucks on March 26, 1998; the trade occurred on July 28, 1998. Based on those facts, the defendant argues that it has raised an issue of material fact regarding its affirmative defenses of estoppel, accord and satisfaction, waiver, and that the plaintiff's claims are barred by the actions and/or omissions of its agent or authorized representative.

The parties agreed at argument that paragraph 13 of the first and second rental agreements is not relevant to this controversy because a trade-in occurred before the expiration of the term of the leases and before the plaintiff demanded possession of the trucks. The parties further agreed at argument that the rental agreements do not provide for the action taken by the defendant.

Apparent authority exists when the principal's knowing or negligent conduct leads a third party to believe that another party is the principal's agent. See Steelstone Indus., Inc. v. North Ridge Ltd. Partnership, 1999 ME 132, ¶ 12, 735 A.2d 980, 983; see also Frye v. E. I. duPont deNemours & Co., 129 Me. 289, 296-97 (1930) ("principal knowingly permits the agent to exercise or holds him out as possessing . . . what did such third person, dealing with the agent, believe and have a right to believe as to the agent's authority from the acts of the principal.") The issue is whether the defendant has raised an issue of material fact regarding conduct on the part of the plaintiff which lead the defendant to believe that Superior was the plaintiff's agent and had the plaintiff's authority to take the two leased trucks in

3

trade for two different trucks.  See Ocean Nat'l Bank of Kennebunk v. Diment, 462 A.2d 35, 38 (Me. 1983).

In his affidavits, John Austin, president of the defendant, states only in conclusory terms that he "understood" that Superior was an authorized representative and agent for the plaintiff and that Superior held itself out as such because it used stationery and a telephone number using the word "CAT.".  See, e.g., Austin Aff. (5/14/99), ¶¶ 4, 12, 15, 16; Austin Aff. (12/1/99), ¶ 3.  Mr. Austin does not identify conduct on the part of the plaintiff on which he based this understanding. The contract for the trade of the trucks does not identify the plaintiff.  Austin Aff. (5/14/99), Exhibit 1.  No issue of fact has been raised regarding any knowledge of the plaintiff of the trade-in by the defendant to Superior.

In his discussions with Mr. Austin, Michael Meserve, employee of Superior, did not discuss the plaintiff.  See Meserve Aff., ¶ 7.  Although Mr. Meserve and Karl Rausch, another employee of Superior, discuss the customary procedure for the trade of equipment, the procedure used in this case is not specified and there is no suggestion that Mr. Austin was aware of the procedure.  See Def.'s SDMF, ¶¶ 16. Even if the procedure were discussed, an agent's representations of authority alone are insufficient to create apparent authority.  See Moreau v. James River-Otis, Inc., 767 F.2d 6, 10 (1st Cir. 1985).

The defendant states that the agreements involved this case were entered into at Superior's offices.  See Def.'s SDMF, ¶ 20.  The agreements provide that, at the option of the plaintiff, the defendant shall deliver leased equipment to the nearest

4

Caterpillar dealer after expiration of the lease or if the plaintiff rightfully demands possession of the equipment after an event of default. That conduct on the part of the plaintiff is insufficient to raise an issue of fact regarding the defendant's belief that it could trade to Superior, the leased trucks under circumstances other than those clearly specified in the agreements. See Casco N. Bank v. Edwards, 640 A.2d 213, 215 (Me. 1994) (bank executed power of attorney clearly limiting agent's authority to act with respect to home mortgages; agent's discharge of commercial mortgage of no legal effect).

The entry is

> The Plaintiff's Motion to Strike Supplemental Affidavit of John Austin is GRANTED as follows: Paragraphs 8, 10, and 11 of the Affidavit are STRICKEN.

> The Plaintiff's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of the Plaintiff and against the Defendant on Counts I, II, and IV of the Plaintiff's Complaint in the amount of $26,302.30 and, as of 10/30/99, costs of $569.17 and attorney's fees of $1894.00.

Dated: March 1, 2000

Nancy Mills
Justice, Superior Court

5

Date Filed : 3-31-99    Cumberland    Docket No. CV99-203

County

Action CONTRACT

CATERPILLAR FINANCIAL SERVICES CORP.     PORTLAND AIR FREIGHT, INC.

DONALD L. GARBRECHT
LAW LIBRARY

MAR 6 2000

vs.

Plaintiff's Attorney

Michael A. Fagone, Esq. 774-1200
P.O. Box 9729
Portland, ME 04104-5029

Defendant's Attorney
GLEN PORTER ESQ 947-0111
PO BOX 1210, BANGOR ME 04002

| Date of Entry | |
|---|---|
| 1999 Mar. 31 | Received 3-31-99. |
| " " | Summary sheet filed. |
| " " | Complaint with Exhibits A & B filed. |
| " " | Plaintiff's Motion for Approval of Attachment and Attachment on Trustee Process (with incorporated Memorandum of Law) filed. |
| " " | Affidavit of Walter G. Fennington, Jr. with Exhibit A filed. |
| " ". | Plaintiff's Request for Hearing filed. |
| Apr. 07 | Received 04-07-99: Summons filed. Portland Air Freight, Inc. served to Donald McRoy, Clerk, on 04-02-99. |
| Apr. 21 | Received 04-21-99: Defendant's Motion for Enlargement of Deadlines filed. |
| Apr. 26 | On 04-26-99: As to Defendant's Motion for Enlargement of Deadlines: Motion Granted. (Cole, J.) |
| " " | On 04-26-99: Copies sent to Michael A. Fagone and Glen Porter, Esqs. |
| April 29 | On 04/29/99: As to Defendant's Motion for Enlargement of Deadlines; Motion Granted. (Cole, J.) On 04/29/99 copy mailed to Michael Fagone and Glen Porter, Esqs. |
| May 10 | Received 05-07-99: Defendant Portland Air Freight, Inc.'s Motion for a Further Enlargement of Deadlines filed. |
| May 13 | On 05-13-99: As to Defendant's Motion for Further Enlargement of Time: Motion Granted. (Cole, J.) |
| " " | On 05-13-99: Copies sent to Michael A. fagone and Glen Porter, Esqs. |