STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 SEP 11 P 3: 23

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-233

Susan JONES

v.

John WINSLOW and
Jenny WINSLOW

ORDER ON DEFENDANTS'
MOTION FOR SUMMARY
JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

OCT 1 2002

## FACTUAL BACKGROUND[1]

On October 24, 1998, Defendants John and Jenny Winslow hosted a Halloween party at their residence in Falmouth, to which plaintiff Susan Jones was invited and arrived with her husband at approximately nine p.m. Defendants' Statement of Undisputed Material Facts ("DSMF") and Plaintiff's Statement of Material Facts in Dispute ("PSMFD") ¶¶ 2-3. The garage bay was set up with a stage for a band and a dance floor with smoke machines, floor lamps and other items for effect. DSMF ¶¶ 5, 12; PSMFD ¶ 5; Plaintiff's Statement of Additional Material Facts ("PSAMF") ¶¶ 2-4. Plaintiff was struck in the back by a falling light stand located at the edge of the stage and sustained an abrasion and other back injuries. DSMF ¶¶ 6-13. Plaintiff believes that the deejay caused the stand to fall. DSMF ¶ 14; PSMFD ¶ 6-13.. The Defendants do not know what caused it to fall. PSAMF ¶¶ 14-15. The parties agree that area was dimly lit and there were some "smoke machines" for effect. PSAMF ¶ 4; Defendants' Reply ¶ 4. There were spinning balls of light attached to the stand and smoke machine near its

---

[1] On July 19, 2002, Plaintiff sought relief pursuant to M.R. Civ. P. 56(f) to allow for the filing of an Amended Statement of Material Facts ("ASMF") following the scheduled deposition of one of the Defendants. That ASMF was filed on August 28, 2002. Defendants filed a Motion to Strike the Plaintiff's ASMF on September 5, 2002. Because this Order does not rely on the ASMF, the Court need not address the ASMF or Defendants' objection thereto.

base; the stand was not secured to the floor or to the ceiling. PSAMF ¶¶ 9, 18; Defendants' Reply ¶¶ 9, 18.

Following the injury to Ms. Jones and the initiation of this litigation, Plaintiff hired a private investigator, Carol Blakely-Watts. DSMF ¶ 19; PSMFD ¶¶ 19-20. There is a dispute as to the initial purpose of hiring the investigator.[2] She subsequently reported to Plaintiff that the Defendants had made statements, which the Plaintiff now alleges are defamatory. DSMF ¶¶19-21; PSMFD ¶¶ 19-21. Plaintiff alleges in her amended complaint that statements made to third parties by Jenny and John Winslow were defamatory.

Originally the complaint contained only two claims: I) negligence; and, alternatively, II) respondeat superior for the negligence of the band/deejay invited to perform at Defendants' home, who positioned the equipment which fell on Plaintiff. On September 25, 2001, Plaintiff amended her complaint to include three additional claims: III) Defamation/False Light; IV) Intentional Infliction of Emotional Distress (IIED); and V) Negligent Infliction of Emotional Distress (NIED). Defendants now seek summary judgment on Plaintiff's amended complaint. For the following reasons, the Winslows' motion is denied as to Counts I – III and granted as to Counts IV and V.

## DISCUSSION

1. Negligence and Respondeat Superior

The question of whether a duty is owed to a plaintiff is a question of law. Budzko v. One City Center Associates Ltd. Partnership, 2001 ME 37, ¶ 10, 767 A.2d 310, 313. This Court determines, as a matter of law, Defendants owed a duty to their invitees to exercise "reasonable care in providing reasonably safe premises for their use." *Id* .at ¶

---

[2] Plaintiff's contention that the investigator was hired to look into Plaintiff's firing after the Defendant had a conversation with Plaintiff's employer is supported by the record. DSMF ¶ 19; PSMFD ¶ 18.

2

14, at 314; <u>Milliken v. City of Lewiston</u>, 580 A.2d 151, 152 (Me. 1990); <u>Ferguson v. Bretton</u>, 375 A.2d 225, 227 (Me. 1977) (holding that a hostess owed invitees the duty of exercising reasonable care to provide reasonably safe premises).

There exist sufficient genuine issues of material fact to be resolved regarding (1) the breach of Defendants' duty and (2) the existence of an agency relationship between the Defendnts and the deejay to support the claim of respondeat superior. <u>Budzko v. One City Center Associates Ltd. Partnership</u>, 2001 ME 37, ¶ 10, 767 A.2d 310, 313. (stating "[w]hether a duty was breached and whether a defendant's conduct was reasonable under the circumstances are questions of fact."); <u>Steelstone Industries v. North Ridge Ltd.</u>, 1999 ME 132, ¶ 12, 735 A.2d 980, 983. (stating the existence of an agency relationship is a question of fact).

2. Defamation

The Law Court has not accepted the "Libel-Proof" doctrine, which the Defendants ask this Court to apply. This may be, as the Defendants urge, because Maine courts have not yet had the opportunity to "squarely address" the doctrine's application. The rationale may also be that the doctrine conflicts with long accepted Maine defamation tort law. <u>See, e.g.</u>, <u>Rippett v. Bemis</u>, 672 A.2d 82, 86 (Me. 1996) ("False accusations of criminal wrongdoing comprise defamation per se."). Regardless of the rationale behind Maine's failure to adopt the libel-proof doctrine, the doctrine is not recognized and this Court refuses to do so now.

Plaintiff's defamation claim is accompanied by a claim for invasion of privacy by placing the Plaintiff in a false light. The elements of the two torts are different, but both contain a requirement of "publicizing" statements. "Publication" for purposes of a defamation action consists of mere "communication to a third person;" "Publicity" for

purposes of false light claim requires "communicating [the statement] to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." Cole v. Chandler, 2000 ME 104, ¶17, 752 A.2d 1189, 1197 (*citing* Restatement (Second) on Torts § 652E). There remain issues of material fact surrounding the truth of the alleged defamatory statements and the existence of publicity sufficient to meet the requirements of a false light claim. See DSMF ¶ 18; PSMFD ¶ 18.

3. Intentional Infliction of Emotional Distress (IIED) and Negligent Infliction of Emotional Distress (NIED).

Claims for IIED and NIED require, in addition to the other elements, a showing that the Defendant's "conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious, utterly intolerable in a civilized community" and caused plaintiff's emotional distress "so severe that no reasonable [person] could be expected to endure it." Curtis v. Porter, 2001 ME 158, ¶¶ 10-12, 784 A.2d 18, 22-23 (*citing* Champagne v. Mid-Maine Med. Ctr., 1998 ME 87, ¶ 15, 711 A.2d 842, 847).

In order to survive a motion for summary judgment the Plaintiff must establish a prima facie case for each element of her claims, Curtis v. Porter, 2001 ME 158 ¶ 8, 784 A.2d at 22. The Plaintiff's statement of material facts is completely devoid of any evidence that she suffered emotional distress; only the Amended Complaint alleges that she was hurt and offended by Defendants' comments.

Due to Plaintiff's failure to demonstrate, on the record, the existence of unbearable severe emotional distress, the Court finds that the Defendants are entitled summary judgment as to Counts IV and V.

4

The entry is

Defendants' Motion for Summary Judgment for Counts I, II, and III is DENIED;
Defendants' Motion for Summary Judgment for Counts IV and V is GRANTED.

Dated at Portland, Maine this 5th day of September 2002.

Robert E. Crowley
Justice, Superior Court

Date Filed _____05-04-01_____ _____Cumberland_____ Docket No. CV-01-233 _____

County

Action __Damages_____

Susan Jones

John P. Winslow and
Jenny Winslow

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John S. Campbell Esq.<br>P.O. Box 369<br>Portland, Maine 04112 | Russell Pierce, Jr. Esq.<br>JONATHAN W. BROGAN, ESQ.<br>P.O. BOX 4600 (774-7000)<br>PORTLAND, MAINE 04112-4600 |

| Date of Entry | |
|---|---|
| 2001<br>May 4 | Received 05-04-01<br>Summary Sheet filed.<br>Complaint with Exhibit's A - B filed. |
| May 8 | Received 5-8-01:<br>Original Summons with Return of Service on Defendant Jenny Winslow on 5-3-01 filed. |
| " " | Original Summons with Return of Service on Defendant Joun Winslow on 5-3-01 filed. |
| May 23 | Received 05-23-01:<br>Defendants, John P. Winslow and Jenny Winslow answer filed. |
| May 25 | Received 05-25-01:<br>Plaintiff's Notification of Discovery Service filed.<br>Plaintiff's First Set of Interrogatories Propounded to Defendants and Reques for Production of Documents served on Jonathan W. Brogan, Esq. on 05-24-0 |
| June 1 | Received 6-1-01.<br>Scheduling Order, filed. (Crowley, J.)<br>    Scheduling Order filed. Discovery deadline is February 1, 2002.<br>Copies mailed John Campbell, Esq. and Jonathan Brogan, Esq. on 6-1-01. |
| June 6 | Received 06-06-01<br>Jury fee paid ($300.00) |
| July 6 | Received 07-06-01<br>Defendant's Notificaton of Discovery Service filed.<br>Objections to Interrogatories and Objections to Request for Productin of Documents Served on John S. Campbell, Esq. 07-03-01. |