STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-09-143
CAB- YOR - 3/8/2010

MICHAEL HURI, et al.,

Plaintiffs

v.                                                          **ORDER**

NUTRON EQUIPMENT CO., INC.,
et al.,

Defendants

Plaintiff Michael Huri has brought this action against Nutron Equipment Co., Inc. alleging negligence, negligent misrepresentation, breach of warranty, and violations of Maine's Unfair Trade Practices Act and the Uniform Deceptive Trade Practices Act. These claims arise from an incident in which Nutron's sales employee, Joshua Fenoff, sold Huri a used tractor without discovering an existing lien. Nutron Equipment Co., Inc. argues that it was not a party to the transaction and has filed this motion for summary judgment in its favor.

## BACKGROUND

In early November 2007, plaintiffs Michael Huri and Kenneth Webb visited Nutron Equipment Co., Inc.'s storefront intending to purchase a tractor. (Pl.'s Compl. ¶ 6.) There they met and spoke with Joshua Fenoff, a Nutron sales employee, who told them that he would search for a tractor meeting their needs. (Opp. S.M.F. ¶¶ 2–3.) On November 8, 2007, the plaintiffs returned to Nutron and again met with Joshua Fenoff. (Pl.'s Compl. ¶ 10.) Fenoff informed them that he had located a used tractor and accessories owned by defendant Wentzell Builders, Inc., and offered to sell them the tractor for $24,750.00. (Pl.'s Compl. ¶¶ 8, 10.) The plaintiffs agreed to purchase the equipment, and also contracted for Nutron to service the tractor and install the

accessories before delivery. (Pl.'s Compl. ¶¶ 11–12.) All of these meetings and negotiations for the tractor's purchase occurred on Nutron's business premises during regular business hours. (Opp. S.M.F. ¶ 4.)

From the preceding facts, the plaintiffs claim they believed they were buying the tractor from Nutron, and that neither Fenoff nor any other employee indicated otherwise. (Opp. S.M.F. ¶ 6.) However, the management of Nutron were not aware of the sale and did not approve it. (Supp. S.M.F. ¶¶ 13–15). The bill of sale for the tractor identified Joshua Fenoff as the seller of the tractor on Wentzell Builders, Inc.'s behalf, and the plaintiffs' check was made payable to Josh Fenoff. No sales tax was collected for the transaction. (Supp. S.M.F. ¶¶ 2, 4, 8.) While the invoice for the additional services performed by Nutron was printed on Nutron's form, the bill of sale for the tractor was not on an official form. (Supp. S.M.F. ¶¶ 5, 11.) Notwithstanding the form's informality, though, Joshua Fenoff did print Nutron's name under his own signature on the bill of sale. (Pl.'s Compl. Ex. C.)

The tractor was delivered to Huri's home on November 15, 2007. (Pl.'s Compl. ¶ 16.) Almost one year later, around October 7, 2008, Agricredit Acceptance, LLC informed the plaintiffs that it held a $15,300 security interest in the tractor and required payment in full to avoid repossessing the machine. (Pl.'s Compl. ¶¶ 17–18.) Joshua Fenoff ceased to be a Nutron employee in April 2008. (Supp. S.M.F. ¶ 12.)

Plaintiffs Michael Huri, Kenneth Webb, and their business Peace of Mind Tick Control filed this action against Nutron Equipment Co., Inc., and Wentzell Builders, Inc. on May 14, 2009. Nutron filed this motion for summary judgment on August 7, 2009.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A motion for

2

summary judgment must be supported by citations to record evidence of a quality that would be admissible at trial. *Id.* at ¶ 6, 770 A.2d at 656 (citing M.R. Civ. P. 56(e)). An issue of "fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Inkell v. Livingston*, 2005 ME 42, ¶ 4, 869 A.2d 745, 747 (quoting *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178, 1179). Any ambiguities "must be resolved in favor of the non-moving party." *Beaulieu v. The Aube Corp.*, 2002 ME 79, ¶ 2, 796 A.2d 683, 685 (citing *Green v. Cessna Aircraft Co.*, 673 A.2d 216, 218 (Me. 1996)).

Nutron argues that the record clearly shows that Joshua Fenoff sold the tractor unilaterally, absolving Nutron of any responsibility for the undiscovered lien. The plaintiffs counter that the record evidence could show that Fenoff had apparent authority to sell the tractor on Nutron's behalf, generating an issue of material fact. *See Steelstone Indus. v. North Ridge Ltd. Pshp.*, 1999 ME 132, ¶ 12, 735 A.2d 980, 983 (existence of agency relationship is question of fact).

However, on the facts presented in this record, a fact finder could not reasonably conclude that the purchase was made from Nutron Equipment. The obvious irregularity of the sales documents, including the failure to collect sales tax, would put any reasonable purchaser on notice that this sale was not in the ordinary course of Nutron Equipment's business.

The Motion for Summary Judgment on behalf of Nutron Equipment is Granted.

The clerk may incorporate this order in the docket by reference.

Dated:       March 8 , 2010

G. Arthur Brennan
Justice, Superior Court

3

ATTORNEY FOR PLAINTIFF
WILLIAM P. LOGAN, ESQ.
IRWIN, TARDY & MORRIS, PA
PO BOX 476
NEWPORT ME   04953


DEFENDANT pro se
WENTZELL BUILDERS INC

ATTORNEY FOR DEFENDANT
MARTICA DOUGLAS, ESQ.
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME   04112-7108