STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-10-103

GAB - YOK - 3/8/201'

DONALD VIGER,

Plaintiff

v.                                                          **ORDER**

MICHAEL D. ESTEP and
MICHAEL COBOSCO,

Defendants

Plaintiff Donald Viger brought this action against Michael D. Estep and Michael Cobosco to recover amounts due under an undocumented, unsecured loan. Defendant Michael Estep moves to dismiss the claims against him for lack of personal jurisdiction. The parties have submitted affidavits to the court and agree that the matter should be treated as a motion for summary judgment based on the information contained therein.

## BACKGROUND

Donald Viger is a Maine resident living in Saco, Maine. (Viger Aff. ¶ 1; Compl. ¶ 1.) Defendant Michael Estep is a medical doctor residing in Pompano Beach, Florida. (Estep Aff. ¶ 2.) Defendant Michael Cobosco is a resident of Palm Bay, Florida. (Estep Aff. ¶ 2; Cobosco Aff. ¶ 1.) The defendants are or were involved with a Florida LLC known as Boppy's Beach Market, LLC, in Vero Beach, Florida. (Estep Aff. ¶¶ 2, 4, 8.)

Mr. Cobosco and Mr. Viger have known each other for more than twenty-five years. (Viger Aff. ¶ 1.) In late 2008 or early 2009, Mr. Cobosco told Mr. Viger that he had

purchased a business called Boppy's Beach Market with Mr. Estep's financial backing.[1] (Viger Aff. ¶ 2.) Mr. Cobosco made it clear that Mr. Estep was a medical doctor, and described their relationship as a "partnership." (Viger Aff. ¶¶ 2–3.) Mr. Cobosco did not tell Mr. Viger that Mr. Estep had formed Boppy's as an LLC. (Cobosco Aff. ¶ 15.)

After some time had passed, Mr. Cobosco contacted Mr. Viger a second time. (Viger Aff. ¶ 5.) Mr. Cobosco indicated that a boardwalk remodeling project near Boppy's Market was going well, and asked Mr. Viger to loan Boppy's $25,000.00 for working capital. (Viger Aff. ¶¶ 4–5; Cobosco Aff. ¶ 14.) Mr. Cobosco offered to repay the money within one year, plus $500.00 per month until the amount was repaid in full. (Compl. ¶ 3; Viger Aff. ¶ 5.) He also told Mr. Viger that his loan would be safe because Mr. Estep was a medical doctor, because Mr. Cobosco was managing the business, and because Mr. Cobosco was a 50% partner in the enterprise. (Cobosco Aff. ¶ 16.) Mr. Cobosco did not share any of this information with Mr. Estep. (Estep Aff. ¶¶ 5–6.)

Mr. Viger did wire $25,000.00 to a bank account that Mr. Cobosco represented as belonging to Boppy's. (Viger Aff. ¶ 5.) Mr. Estep was not aware of this transfer. (Estep Aff. ¶¶ 5–6.) Approximately one month later, Mr. Cobosco contacted Mr. Viger to discuss the possibility of Mr. Viger traveling to Vero Beach in order to perform remodeling work for Boppy's at a lower price than contractors in Florida were bidding. (Viger Aff. ¶ 6; Cobosco Aff. ¶ 17.) Mr. Viger worked at Boppy's for two weeks, but never met or spoke to Mr. Estep. (Viger Aff. ¶ 6; Estep ¶ 3.) There is no evidence that Mr. Estep knew of Mr. Viger's existence.

To date, Mr. Viger's loan has not been repaid. He filed this action against Mr. Cobosco and Mr. Estep on April 9, 2010, seeking to recover his principal of $25,000.00

---

[1] The complaint alleges that Mr. Cobosco and Mr. Viger communicated in November of 2008, but Mr. Cobosco's affidavit states that they conversed in early 2009. The precise date is immaterial to this motion.

plus interest. Mr. Estep then filed this motion to dismiss for lack of personal jurisdiction. The parties have provided the court with materials not contained in the pleadings and request that the motion be treated as one for summary judgment.

## DISCUSSION

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. The jurisdictional reach of Maine's long-arm statute, 14 M.R.S.A. § 704-A, "is coextensive with the due process clause of the United States Constitution, U.S. Const. amend. XIV, § 1." *Bickford v. Onslow Mem'l Hosp. Found., Inc.*, 2004 ME 111, ¶ 10, 855 A.2d 1150, 1154–55 (quoting *Murphy v. Keenan*, 667 A.2d 591, 593 (Me. 1995)) (quotations omitted).

> For Maine to exercise jurisdiction over a nonresident defendant, three conditions must exist to satisfy due process: "(1) Maine must have a legitimate interest in the subject matter of this litigation; (2) the defendant, by [its] conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." *Murphy*, 667 A.2d at 593. The plaintiff bears the burden of satisfying the first two prongs based on specific facts in the record, after which the burden shifts to the defendant to demonstrate that the exercise of jurisdiction does not comport with traditional notions of fair play and substantial justice. *Id.* at 594.

*Bickford*, 2004 ME 111, ¶ 16, 855 A.2d at 1155.

Maine clearly has a legitimate interest in this litigation, satisfying the first prong of this test. The state has a legitimate interest in providing its citizens with "a means of redress against nonresidents" who purposefully transact business in Maine. *Harriman v. Demoulas Supermarkets, Inc.*, 518 A.2d 1035, 1036 (Me. 1986) (citing 14 M.R.S.A. § 704-A; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985)). Mr. Cobosco purposefully reached out to Mr. Viger, a Maine resident, at his home in Maine, to solicit the loan at the center of this contest. The effects of Mr. Cobosco's non-payment are felt here. *See*

3

*Harriman*, 518 A.2d at 1037 (locus of effects of injury give state an interest in subject matter).

The dispute in this case centers on the second prong, i.e. whether Mr. Estep could reasonably have anticipated having to litigate in Maine. This will depend on Mr. Estep's contacts with the state. *Murphy*, 667 A.2d at 594. "Due process demands that the defendant have sufficient contact with Maine to 'make it reasonable . . . to require the [defendant] to defend the particular suit which is brought [here]." *Id.* (quoting *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1192 (Me. 1993)). Mr. Estep must have purposefully availed himself "of 'the privilege of conducting activities within [Maine], thus invoking the benefits and protections of its laws.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 474–75).

Mr. Estep has not been physically present in Maine in approximately twenty years. (Estep Aff. ¶ 2.) He has never met or spoken with Mr. Viger, and has never knowingly done business with him. (Estep Aff. ¶ 3.) Mr. Estep did not know that Mr. Cobosco solicited a loan from Mr. Viger, or that money was transferred from Maine to Florida. (Estep Aff. ¶¶ 5–6.) Mr. Estep does not advertise or practice medicine in Maine. (Estep Aff. ¶¶ 9–11.) Mr. Estep has also not directed Boppy's Market to conduct any form of business in Maine. (Estep Aff. ¶¶ 9–16.) From the above, Mr. Estep argues that he has not established the minimum contacts necessary for Maine to constitutionally exercise jurisdiction over his person.

Mr. Viger bases his case on an alleged agency relationship between Mr. Estep and Mr. Cobosco. Notwithstanding Mr. Estep's personal lack of contacts with Maine, Mr. Viger argues that Mr. Cobosco acted as Mr. Estep's agent when he solicited the loan. First, Mr. Viger argues that Mr. Estep and Mr. Cobosco were partners. This is

4

flatly contradicted by the affidavits, which show that Boppy's Beach Market was organized as an LLC. (Estep Aff. ¶ 2, Ex. 1; Cobosco Aff. ¶ 15.)

While Mr. Cobosco states that he "was a 50% [p]artner with Michael Estep in the Boppy's Beach Market," it appears that he is in fact claiming a 50% ownership interest in the LLC. (Estep Aff. ¶¶ 3, 9, 15.) Mr. Estep denies that Mr. Cobosco had any ownership interest in Boppy's, but this is immaterial to the question at bar. (Estep Aff. ¶ 4.) Even if Mr. Cobosco was a member of the Boppy's LLC, he could not have bound Mr. Estep personally without a separate basis of authority.

Mr. Viger identifies this separate basis as the doctrine of apparent agency. "'Apparent' authority is 'that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing.' Apparent authority exists only when the *'conduct of the principal* leads a third person to believe that a given party is his agent.'" *Williams v. Inverness Corp.*, 664 A.2d 1244, 1246 (quoting *Libby v. Concord Gen. Mut. Ins. Co.*, 452 A.2d 979, 982 (Me. 1982)) (emphasis in original). A principal "creates apparent authority 'by written or spoken words or any other conduct . . . which, reasonably interpreted, causes the third person to believe that the principal consents to have the act done on his behalf by the person purporting to act for him.'" *Steelstone Indus. v. North Ridge Ltd. P'ship*, 1999 ME 132, ¶ 13, 735 A.2d 980, 983 (quoting Restatement (Second) of Agency § 27 (1958)).

Mr. Cobosco held himself out to Mr. Viger as Mr. Estep's agent by claiming that the two were in a partnership and that Mr. Estep's income as a medical doctor would guaranty repayment of Mr. Viger's loan. (Cobosco Aff. ¶ 16.) Mr. Cobosco's representations alone, however, are insufficient to create in himself authority to act for Mr. Estep. Rather, Mr. Estep must have acted or negligently failed to act in a way that Mr. Viger reasonably interpreted as a grant of authority.

5

The record does not show that Mr. Estep's conduct could have led Mr. Viger to reasonably believe that Mr. Cobosco was acting on his behalf. Mr. Viger never communicated with Mr. Estep. There is no indication that Mr. Estep knew of or had reason to know of Mr. Viger's existence, apart from Mr. Viger's speculation and belief. (Viger Aff. ¶ 7.) Mr. Estep's silence, without any indication that he knew of Mr. Cobosco's actions vis-à-vis Mr. Viger, did not create an agency relationship between himself personally and Mr. Cobosco. Absent such a relationship, there is no indication that Mr. Estep has had any contacts with Maine.

## CONCLUSION

Mr. Viger has failed to prove that Mr. Estep has any contacts with Maine, and the court sees no other basis for exercising personal jurisdiction over him. Mr. Estep's motion to dismiss / motion for summary judgment will be Granted.

Dated:     March 8, 2011

G. Arthur Brennan
Justice, Superior Court

Plaintiff's Attorney
James Nadeau, Esq.
Nadeau Professional Offices
507 State Street
Portsmouth, NH 03801

Defendant, Michael Estep's Attorney
Peter Clifford, Esq.
Hodsdon & Clifford, LLC
56 Portland Road
Kennebunk, ME 04043

Defendant Michael Cobosco, Pro se
213 Breckenridge Circle
Palm Beach, FL 32963

6